IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN RILING,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 21-_____ |
| : | |
| **NEW HOPE POLICE CORPORAL MATT** : | JURY TRIAL DEMANDED |
| **ZIMMERMAN; NEW HOPE BOROUGH,** : | |
| : | |
| Defendants. : | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. On March 3, 2019, Brain Riling was inside the New Hope Police Department. He was unarmed, inside a police holding cell, and outnumbered by police officers. Despite the fact the Mr. Riling presented no physical threat to any member of the police department, Police Corporal Brian Zimmerman used his police issued firearm to shoot Mr. Riling in his abdomen. As determined by the Bucks County District Attorney's Office, this shooting was unjustified.

2. As a result of defendant Zimmerman's unconstitutional conduct, Mr. Riling was hospitalized for approximately two weeks, underwent multiple surgeries, suffered a fracture bone in his pelvis area, and still has bullet fragments lodged in his right iliac.

3. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of defendant Zimmerman in subjecting Mr. Riling to unreasonable force in violation of Fourth and Fourteenth Amendments to the U.S. Constitution. The actions and conduct of defendant Zimmerman were the result of New Hope

Borough's policy, practice, custom, and/or a deliberate indifference in failing to train, supervise, and/or discipline officers who engage in this conduct.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint under the United States Constitution, 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1376(a).

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that the defendants are subject to personal jurisdiction within the Eastern District of Pennsylvania and the events that gave rise to this action occurred within the Eastern District of Pennsylvania.

## III. PARTIES

6. Plaintiff Brian Riling ("Mr. Riling"), was at all times relevant to this Complaint a resident of Pipersville, Pennsylvania, located in Bucks County.

7. Defendant New Hope Borough is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the New Hope Police Department which at all times relevant to this Complaint employed defendant Zimmerman.

8. Defendant Police Corporal Matt Zimmerman was at all times relevant to this Complaint an officer of the New Hope Police Department. He is sued in his individual capacity.

9. At all times relevant to this Complaint, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

10. On or about March 3, 2019, Mr. Riling was inside the New Hope Police Department holding cell.

11. Mr. Riling had been arrested on a warrant and brought to the New Hope Police Department for processing.

12. Prior to being brought to the police department, he had been searched multiple times for weapons. He was unarmed.

13. Mr. Riling was taken to the holding cell within the police department and ordered to take off his belt. He complied.

14. While taking his belt off, a small rectangular white object fell to the ground. Mr. Riling reached down to pick it up.

15. A New Hope police officer pushed Mr. Riling backwards and Mr. Riling fell onto a concrete bench that was in the holding cell.

16. As Mr. Riling continued to try to pick up the white rectangular object, the New Hope police officer placed Mr. Riling in a choke hold.

17. Defendant Zimmerman then yelled out "taser" and shot Mr. Riling with his police-issued firearm.

18. The shooting was captured on video.

19. At the time defendant Zimmerman shot Mr. Riling, Mr. Riling was unarmed, he had not assaulted any police officer, nor had he made any threatening moves towards any police officer.

20. At the time of the shooting, one officer already had Mr. Riling in a choke hold and there was another officer immediately outside of the holding cell. Thus, there were at least three police officers present inside or immediately outside of the holding cell. Mr. Riling was the only civilian inside the holding cell.

21. In shooting Mr. Riling, defendant Zimmerman unreasonably used deadly force in violation of Mr. Riling's constitutional rights. The shooting was not justified.

22. At the time of the shooting, defendant Zimmerman was carrying his taser on the dominant side of his body; the same side on which he carried his firearm. According to New Hope Police Department policy at that time, officers are supposed to carry their tasers on the non-dominant side of their body, opposite from where they carry their firearms.

23. At the time of the shooting, defendant Zimmerman was standing less than three feet from Mr. Riling. This was in violation of New Hope Police Department policy requiring that officers be at least three feet away from a subject prior to deploying their taser.

24. As of March 3, 2019, defendant Zimmerman had not been re-certified in taser usage. New Hope Police Department policy requires, and the taser manufacturer recommends, that officers be certified in the usage of tasers on a yearly basis. Defendant Zimmerman had not been certified since at least 2016, possibly longer.

25. As of March 3, 2019, ten out of the eleven officers employed by the New Hope Police Department did not have current taser certification training. They had not had taser certification training since at least 2016, possibly longer. This was in violation of both written department policy and the taser manufacturer's recommendation.

26. As of March 3, 2019, neither the Chief of the New Hope Police Department nor the department's internal firearms and Taser instructor had current certifications in taser usage.

27. According to New Hope Police Department policy, the department's taser trainer is to document and maintain all training records and forward copies to the chief of police to be placed in each officer's training file. Both the taser trainer and the police chief failed to follow department policy.

28. The model of tasers used by New Hope Police Department were the Taser X26, which has been described as the most powerful stun gun, posing a higher cardiac risk than other models.

29. Generally accepted police practice requires that officers booking prisoners should check their firearms, canisters and tasers prior to entering a holding cell. Defendant Zimmerman failed to follow this generally accepted police practice. New Hope Police Department failed to implement such a policy even though it has been generally accepted police practice since the 1990s.

30. Defendant Zimmerman's bullet tore through Mr. Riling's small intestines and fractured his pelvis. Over the course of a ten day stay in the hospital, Mr. Riling underwent two surgeries, suffered a collapsed lung, had part of his bowels removed and required ten pints of blood to be transfused. After he was released, Mr. Riling had to return to the hospital for another four days due to complication with the wound. Even now there are bullet fragments remaining in Mr. Riling's right iliac bone. Mr. Riling's recovery is ongoing and the full extent of his recovery is currently unclear.

31. Mr. Riling has two daughters for whom he coaches basketball. As a result of his injuries he can no longer coach them.

32. Mr. Riling worked as a builder and a finish carpenter. As a result of his injuries, he is unable to work in the same manner that he had before the injuries.

33. The publicity resulting from Defendant Zimmerman's unreasonable use of force against Mr. Riling has caused emotional trauma to Mr. Riling and his daughters.

34. Mr. Riling engaged in no conduct that justified the use of any force, much less lethal force, against him.

35. There was no legal cause to justify the use of deadly force against Mr. Riling. The force used against him was unreasonable and excessive. It was found to be unjustified by the Bucks County District Attorney.

36. At all times relevant to this Complaint, defendant Zimmerman acted with willful, reckless, and callous disregard of Mr. Riling's rights under federal and state law.

37. Defendant Zimmerman's violations of Mr. Riling's rights was a result of defendant New Hope Borough's failure, by and through its policymaker, to properly train, supervise and/or discipline defendant Zimmerman with regard to unlawful and excessive use of force, including the failure to properly train regarding the use of tasers and the management of weapons in holding cells.

38. Defendant Zimmerman's violations of Mr. Riling's rights was a result of Defendant New Hope's deliberate indifference, by and through its policymakers, to a pattern and practice among New Hope police officers to disregard the proper use of tasers, the certification requirements for taser use, and the proper use of force, thereby resulting in the use of excessive and unreasonable force.

39. As a direct and proximate result of the conduct of Officer Zimmerman, Mr. Riling suffered and continues to suffer physical and psychological harm, limitations on his activities and physical capacities, pain and suffering, and financial losses.

## V. CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Zimmerman and New Hope Borough
### Unreasonable Use of Force – Fourth Amendment and Due Process claim

40. Plaintiff has a clearly established right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from the unreasonable and excessive use of force. Defendant Zimmerman violated this right when he shot Mr. Riling.

41. Defendant New Hope Borough is responsible for these constitutional violations because the Borough, with deliberate indifference, by and through its policymakers, employed a custom, pattern, practice, or policy of allowing officers to engage in the unlawful and excessive use of force and/or failed to train, supervise, and discipline officers, including defendant Zimmerman, who engage in such conduct.

### Count II
### Plaintiff v. Defendant Zimmerman
### State Law Claim – Assault and Battery

42. The actions of defendant Zimmerman constituted the torts of assault and battery under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, plaintiff Brian Riling respectfully requests:

A.  Compensatory damages as to all defendants;

B.  Punitive damages as to defendant Zimmerman;

C.  Reasonable attorneys' fees and costs as to all defendants;

D.  Such other and further relief deemed just and appropriate.

Plaintiff hereby demands a jury trial.

*/s/ Susan M. Lin*

Susan M. Lin
PA I.D. No. 94184
slin@krlawphila.com
KAIRYS, RUDOVSKY, MESSING,
FEINBERG & LIN
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Plaintiff*