IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN RILING | : | |
| Plaintiff, | : | No.: 21-cv-00574 |
| vs. | : | |
| NEW HOPE POLICE CORPORAL MATT ZIMMERMAN, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**ANSWER AND NEW MATTER OF DEFENDANT, NEW HOPE POLICE CORPORAL MATT ZIMMERMAN, TO PLAINTIFF'S COMPLAINT**

### I.   PRELIMINARY STATEMENT

1. Admitted in part, denied in part. It is admitted that Plaintiff Brian Riling was inside the New Hope Police Department following his arrest for charges including those regarding attempted physical menacing and harassment. It is denied that he presented "no physical threat" to any member of the Police Department as Plaintiff was approximately 6'5" and 240 pounds.

Corporal (misidentified as Brian in paragraph 1) Zimmerman did mistakenly use his firearm and Mr. Riling was shot in the abdomen. The decision and conclusions of the Bucks County District Attorney's Office speak for themselves, however, it was determined to be a mistake.

2. The allegations regarding unconstitutional conduct are denied as a legal conclusion. As to the remaining averments of paragraph 2 after reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of those averments and therefore denies same and strict proof thereof is demanded at time of trial.

3. Admitted only that Plaintiff has brought a civil rights action under the statute cited. The remaining allegations of paragraph 3 are denied.

## II.   JURISDICTION AND VENUE

4. Admitted as to jurisdiction.

5. Admitted as to venue.

## III.   PARTIES

6. Admitted based on information and belief.

7. Admitted.

8. Admitted.

9. Admitted. At times material to Complaint, Matt Zimmerman was acting as a police officer.

## IV.   FACTUAL ALLEGATIONS

10. Admitted.

11. Admitted.

12. Admitted in part, denied in part. It is admitted that Mr. Riling was unarmed. As to whether he was searched multiple times for weapons prior to that, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of those averments and therefore denies same and strict proof thereof is demanded at time of trial.

13. Admitted that Riling was taking off his belt.

14. Denied as stated. Plaintiff was believed to cover up and hide the "small rectangular white object."

15. Denied as stated. Riling was pushed backwards as part of a struggle that was occurring in the cell for the white rectangular object that Riling had dropped and attempted to hide.

16. Denied. What is occurring at this point is a struggle with the officers.

17. Admitted that Matt Zimmerman yelled taser and mistakenly shot Mr. Riling.

18. Admitted.

19. Denied as stated. Riling was involved in a struggle with police.

20. Admitted in part, denied in part. It is admitted that Riling was the only civilian inside the holding cell. At the time of the shooting prior to yelling taser, Riling was actively involved in a struggle with police officers.

21. Denied. The characterization in paragraph 21 is denied. The shooting was a mistake where the officer made a split-second decision to use force and used the incorrect weapon.

22. Admitted that at the time Matt Zimmerman was carrying a taser on his right side.

23. Admitted in part, denied in part. It is admitted that the parties were in close quarters as they struggled with Mr. Riling. It is denied that an alleged violation of a policy is relevant to the claim of constitutional violation.

24. Denied in that Plaintiff's characterization would be that Matt Zimmerman had not been recertified. It is believed that he was recertified in 2017.

25. Denied. The averments of paragraph 25 would be directed to other than Responding Defendant.

26. Denied as stated. It is believed Chief did not carry a taser so did not require certification.

27. Denied. The averments of are directed to other than Responding Defendant and therefore no response is required.

28. Denied. In that there is no documentation regarding the averments of paragraph 28, they are denied and strict proof thereof is demanded at time of trial.

29. Denied. Responding Defendant was not responsible for implication of policy at New Hope Police Department. All allegations regarding what is "generally accepted police practice" is denied and strict proof thereof is demanded at time of trial.

30. Denied. After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 30 and therefore denies same and strict proof thereof is demanded at time of trial.

31. Denied. After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 31 and therefore denies same and strict proof thereof is demanded at time of trial.

32. Denied. After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 32 and therefore denies same and strict proof thereof is demanded at time of trial.

33. Denied. After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 33 and therefore denies same and strict proof thereof is demanded at time of trial.

34. Denied. It is denied that Mr. Riling engaged in no conduct that justified the use of force. It is admitted that deadly force was mistakenly used.

35. Denied as stated. It is admitted that the use of deadly force was a mistake. The conclusions of the Bucks County District Attorney dated April 12, 2019 speak for themselves.

36. Denied. To the contrary, the actions of Matt Zimmerman were a mistake, at most, negligence.

37. Denied.

38. Denied.

39. Denied. After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 39 and therefore denies same and strict proof thereof is demanded at time of trial.

## V.   CAUSES OF ACTION

### Count I

40. The averments of paragraph 40 are a legal conclusion to which no response is required.

41. Denied. The averments of paragraph 41 are a legal conclusion to which no response is required.

### Count II

42. The averments of paragraph 42 are a legal conclusion to which no response is required.

### AFFIRMATIVE DEFENSES

1. Defendant asserts the defense of qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1983); *Saucier v. Katz*, 533 U.S. 194 (2001) and subsequent cases.

2. Responding Defendant asserts all immunities to which he may be entitled under the Political Subdivision Torts Claims Act, 42 Pa. C.S.A. § 8541 et seq.

3. Defendant asserts immunity from the imposition of damages which are premised upon negligent conduct as that terms is defined in *Davidson v. Cannon*, 106 S. Ct. 668 (1997) and *Daniels v. Williams*, 474 U.S. 327 (1986).

4. Defendant asserts the right of qualified immunity as the right not to go to trial as set forth in *Mitchell v. Forsyth*, 474 U.S. 511 (1985) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009).

5. Plaintiff's injuries were caused by his own criminal conduct, negligence, and behavior.

6. Negligence or carelessness conduct on the part of a defendant is not sufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983 and Defendant claims same as defense.

7. At no time did the action of Responding Defendant rise to a level of either deliberate indifference, or willful misconduct or conscious shocking conduct.

**WHEREFORE**, Defendant Matt Zimmerman requests judgment in his favor together with costs and counsel fees.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
JOSEPH J. SANTARONE, ESQUIRE
ID#  PA45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626; Fax (215) 575-0856
Email:  jjsantarone@mdwcg.com
*Attorney for Defendant, New Hope Police Corporal Matt Zimmerman*

DATE:  March 29 , 2021

**CERTIFICATE OF SERVICE**

I, JOSEPH J. SANTARONE, JR., ESQUIRE, do hereby certify that a true and correct copy of Defendant New Hope Police Corporal Matt Zimmerman, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

                                                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _/s/ Joseph J. Santarone_

JOSEPH J. SANTARONE, ESQUIRE
ID# PA45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626; Fax (215) 575-0856
Email: jjsantarone@mdwcg.com
Attorney for Defendant, New Hope Police Corporal Matt Zimmerman

DATE: March 29, 2021