**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN RILING, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | DOCKET NO. 21-cv-0574-JS |
| NEW HOPE POLICE CORPORAL | : | |
| MATT ZIMMERMAN, and NEW HOPE | : | |
| BOROUGH, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NEW HOPE BOROUGH
TO PLAINTIFF'S COMPLAINT**

Defendant, New Hope Borough (hereinafter, the "Borough"), by and through its

attorneys, MacMain, Connell & Leinhauser, LLC, hereby answers Plaintiff's Complaint as

follows, denying each and every averment set forth therein except as expressly admitted below.

**I.  PRELIMINARY STATEMENT**

1.       Admitted in part, denied in part.  It is admitted that on March 3, 2019, Plaintiff

was inside the New Hope Police Department, having been arrested by New Hope Borough

Police Officers for multiple felony and misdemeanor crimes including stalking, assaulting and

intimidating his former girlfriend, confronting her at her place of work, grabbing her by the neck

and telling her that he was going to slit her throat. It is denied that he presented "no physical

threat" following his arrest for these violent and heinous crimes. To the contrary and in addition

to the nature of the crimes for which Plaintiff was arrested, Plaintiff tried to hide what is believed

to be a packet of cocaine that had dropped from his clothes while he was being secured in the

holding cell by placing his foot on top of the packet, refused to remove his foot, and then

physically struggled with the officers as they tried to move and secure him.  It is admitted that

Police Corporal Zimmerman used his firearm, mistakenly, which resulted in Plaintiff being shot in the abdomen.  By way of further answer, Plaintiff's characterization of only a small portion of the Bucks County District Attorney's Office determinations regarding the underlying incident are denied as stated, as the full determinations and conclusions speak for themselves.  The remaining averments of this paragraph are denied.

2.      Denied.

3.      Admitted in part, denied in part.  It is admitted that in his Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and supplemental state law claims.  The remaining averments of this paragraph are denied.

## II.  JURISDICTION AND VENUE

4-5.      It is admitted only that jurisdiction and venue properly lie with this Court.  The remaining averments contained in this paragraph are denied.

## III.  PARTIES

6.      Admitted upon information and belief.

7.      Admitted.

8.      Admitted.

9.      Admitted.

## IV.  FACTUAL ALLEGATIONS

10-11.  Admitted.

12.      Admitted in part, denied in part.  It is admitted only that Plaintiff was unarmed at the time of the search in the Borough's cell block area.  The remaining averments of this paragraph are denied.

13.      Admitted.

14.-20. Admitted in part.  Denied in part. It is admitted that while being secured in the holding cell, "a small rectangular packet" believed to be cocaine fell from Plaintiff's clothing. It is further admitted that Plaintiff tried to hide the packet by placing his foot on top of it, refused to remove his foot, and then physically struggled with the officer as he tried to move and secure Plaintiff. It is further admitted that as one officer tried to secure Plaintiff and struggled to do so, Officer Zimmerman pulled out his firearm - mistaking it for his Taser - yelled "taser" and then shot Plaintiff. It is admitted that the incident was captured on video, that there were two officers inside the cell and a third officer nearby, and that Plaintiff was the only arrestee inside the cell. It is denied that Plaintiff presented "no physical threat" following his arrest for these violent and heinous crimes, and his actions in trying to hide what is believed to be a packet of cocaine, and thereafter resisting officer's commands and attempts to secure him.  The remaining averments of these paragraphs are denied.

21.     Denied.

22.     Admitted in part, denied in part.  It is admitted that at the time of the underlying incident, Co-Defendant Corporal Zimmerman was carrying his service taser and service firearm on the same side of his body, which is in violation of policy.  The remaining averments of this paragraph are denied.

23.     It is admitted that at the time of the shooting, Officer Zimmerman was in close proximity to Plaintiff which is not optimal for the Taser to be used effectively upon a suspect. The remaining averments of this paragraph are denied.

24-27.  It is admitted that both New Hope policy and Axon (Taser) recommendation is that all officers who are issued Tasers be certified annually, and that at time of this incident, a

number of officers, including Officer Zimmerman (and the Chief who did not carry a Taser) were not current in their certifications. The remaining averments of these paragraphs are denied.

28.     It is admitted that at the time of the incident New Hope used the X-26 model of Taser. The remaining averments of this paragraph are denied.

29.     Denied.

30.     The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore they are denied.

31-33.  The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and therefore they are denied.

34.     Denied.

35-38.  Denied.  These paragraphs contain conclusions of law to which no response is required, and the averments are therefore denied.

39.     Denied.

### V.  ALLEGED CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### ALLEGED UNREASONABLE USE OF FORCE – 4TH AMENDMENT AND DUE PROCESS CLAIM
### Plaintiff v. Officer Zimmerman and New Hope Borough

The Borough hereby incorporates by reference paragraphs 1-39 of this Answer as if set forth at length herein.

40-41.  Denied.

WHEREFORE, the Borough respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT II
## ALLEGED ASSAULT AND BATTERY
## <u>Plaintiff v. Officer Zimmerman</u>

42.     The allegations and averments of this paragraph is not direct toward the Borough, and no response is necessary.

WHEREFORE, the Borough respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## <u>AFFIRMATIVE DEFENSES</u>

The Borough has not yet obtained adequate discovery from Plaintiff in connection with this action to fully understand Plaintiff's Complaint, and therefore, the Borough reserves the right to amend or otherwise supplement this pleading on that basis.  Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, the Borough states as follows:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

No act or failure to act on the part of the Borough violated any constitutional rights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges, and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did the Borough act in bad faith or in a willful, wanton, outrageous, reckless, and/or malicious manner or with a disregard for Plaintiff's health, safety, and welfare.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any improper acts or omissions by the Borough.

## SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's and/or a third-party's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

At all times material hereto, the Borough's actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such a claim is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth, and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## TWELFTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time material hereto was the Borough deliberately indifferent to the safety or constitutional rights of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Borough is immune from all or part of the claims set forth in Plaintiff's Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did the Borough adopt, permit, or follow, either formally or informally, a policy, custom, or practice of violating a person's Constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including the rights of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of the Borough were appropriate under the circumstances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of the Borough have been reasonable and appropriate and have insured the protection of all rights, privileges, and immunities of all individuals, including Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There is no direct causal link between the Borough's municipal policy or custom and the alleged constitutional deprivation of Plaintiff's constitutional rights.

## NINETEENTH AFFIRMATIVE DEFENSE

At no time material hereto was the training, monitoring, and supervising by the Borough deficient such that they constituted deliberate indifference to the constitutional rights of citizens with whom they or its officers came in contact with, including Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

There is insufficient proof to establish a pattern of underlying constitutional violation necessary to put the Borough on notice of a deficiency in training.

**MACMAIN, CONNELL & LEINHAUSER, LLC**

Dated: <u>April 19, 2021</u>        By:     */s/ David J. MacMain* _____
David J. MacMain, Esquire
Andrew J. Davis, Esquire
Attorney I.D. Nos. 59320/316460
433 W. Market Street, Suite 200
West Chester, PA 19382
(484) 318-7106
*Attorneys for Defendant, Borough of New Hope*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 19th day of April 2021, the

foregoing *Answer to Plaintiff's Complaint* was filed electronically and is available for viewing

and downloading from the ECF system of the United States District Court for the Eastern

District of Pennsylvania.  The following parties received notification of this filing via ECF:

Susan M. Lin, Esquire
Rudovsky, Messing, Feinberg & Lin
718 Arch Street, Ste. 501S
Philadelphia, PA 19106
*Attorney for Plaintiff*

Joseph J. Santarone, Jr., Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendant*
*Corporal Matt Zimmerman*

**MACMAIN, CONNELL & LEINHAUSER, LLC**

By:     */s/ David J. MacMain*
David J. MacMain, Esquire
Andrew J. Davis, Esquire
Attorney I.D. Nos. 59320/316460
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendant, Borough of New Hope*